UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMONTE M. OLIVER,

        Petitioner,

  v.                                               Case No. 19-cv-224-pp

UNITED STATES OF AMERICA

        Respondent.

---

**ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DENYING SUPPLEMENTAL MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 2), DISMISSING CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALBILITY**

---

**I.    Background**

In November 2015, a grand jury returned an indictment charging the petitioner—along with co-defendants Romero T. Eddmonds and Keycie A. Street—with one count of Hobbs Act Robbery under 18 U.S.C. §§1951(a) and 2, one count of using a firearm during a crime of violence under 18 U.S.C. §§924(c)(1)(A)(ii) and 2 and one count of being a felon in possession of a firearm under 18 U.S.C. §§922(g)(1) and 924(a)(2). United States v. DeMonte M. Oliver, Case No. 15-cr-228-PP-1, Dkt. No. 19 (E.D. Wis. Nov. 17, 2015). In July 2017, the parties filed a plea agreement, id. at dkt. no. 109, and on October 10, 2017, the court accepted the petitioner's guilty plea to counts one and two of the indictment (Hobbs Act Robbery and carrying a firearm during crime of violence), id. at dkt. no. 123. On January 31, 2018, the court sentenced the petitioner to forty-two months' imprisonment for Hobbs Act Robbery and

1

eighty-four months consecutive for the firearm count. Id. at Dkt. No. 147. The court entered judgment on February 7, 2018. Id. The petitioner did not appeal.

On February 11, 2019, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Oliver v. United States, Case No. 19-cv-224, Dkt. No. 1 (E.D. Wis. Feb. 11, 2019). The motion asserts that "924(c) violates due process" because Hobbs Act robbery does not require force or threat of force and "can only be a crime of violence pursuant to the unconstitutional residual clause." Id. at 6. Ground two of the motion makes a similar argument, alleging that the eighty-four-month sentence for count two cannot stand because the residual clause of §924(c) cannot stand. Id. At the time the petitioner filed his petition (in February 2019), he acknowledged that while the Supreme Court had granted *certiorari* in United States v. Davis, ___U.S.___, 139 S.Ct. 2319 (2019), it had not yet issued its final ruling. Id. at 4. In September 2019, the petitioner filed a supplemental motion to vacate, set aside or correct his sentence under §2255. Dkt. No. 2. The supplemental motion updated the petitioner's allegations, alleging that Davis rendered the petitioner's conviction under §924(c) invalid and that his guilty plea could no longer be supported. Id.

## II.     Analysis

### A.     Standard

The first thing a court must do with a §2255 petition is review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence was otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B.  Discussion

It appears the petitioner filed his §2255 motion within one year of his judgment becoming final under 28 U.S.C. §2255(f)(1) and filed a supplemental motion within one-year of the Supreme Court's Davis decision. The court finds that the motion was timely filed. The court must dismiss the petitioner's §2255 motion, however, because his claim is meritless.

The statute at issue both here and in Davis is 18 U.S.C. §924(c), which "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S. Ct. at 2324. The statute defines "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Under §924(c)(3), a "crime of violence" is an "offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C. §924(c)(3). Davis analyzed subsection (B)—the residual clause—and found it unconstitutionally vague. Id. at 2336. But the Davis Court left subsection (A)—the elements clause—intact. Haynes v. United States, 936 F.3d 683, 688 (7th Cir. 2019). The petitioner is correct that Davis precludes Hobbs Act robbery from qualifying as a "crime of violence" under the residual clause, 18 U.S.C. §924(c)(3)(B). But the petitioner's conviction for carrying a firearm during a crime of violence under 18 U.S.C. §924(c) passes constitutional muster as long as Hobbs Act Robbery qualifies as a "crime of violence" under the elements clause, subparagraph (A).

The Seventh Circuit repeatedly has held that Hobbs Act Robbery is a crime of violence under the elements clause of §924(c). United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017) ("[O]ne cannot commit Hobbs Act robbery without using or threatening force. . . . Because each of the means by which to satisfy the "against his will" element requires physical force, the "against his will element itself requires physical force."); United States v. Fox, 783 F. App'x 630, 632 (7th Cir. 2019) ("[W]e have confirmed that a Hobbs Act robbery is a crime of violence under the still-valid "elements clause" of §924(c)."); Haynes v. United States, 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under §924(c) because it has as an element the actual, attempted, or threatened use of force."); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017) ("We reaffirm today that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)"); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) (vacated on other grounds by ___ U.S. ___, 138 S.Ct. 126 (2017)) ("Hobbs Act robbery is a 'crime of violence' within the meaning of §92[4](c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question."). As one of this court's colleagues

4

has held when faced with the same question at the Rule 4 stage of a §2255 motion,

> [The petitioner's] only argument is that Hobbs Act robbery should not be considered a crime of violence under the elements clause. . . . *Anglin* has held precisely to the contrary, however, and this Court is not empowered to overrule or disagree with the Seventh Circuit. [The petitioner] attempts to overcome this bar by claiming that his arguments are based on Supreme Court precedent, which is a higher authority than the Seventh Circuit. This is of no moment for present purposes. Only the Court of Appeals or the Supreme Court could overturn *Anglin*.

Boyce v. United States, No. 19-cv-1428-JPS, 2019 WL 6729259, at *2 (E.D. Wis. Dec. 11, 2019). Judge Stadtmueller's reasoning in Boyce applies with equal force in the petitioner's case. The Seventh Circuit has had numerous opportunities—several post-Davis—to re-think its position on whether Hobbs Act Robbery qualifies as a crime of violence under the elements clause of §924(c)(3)(A). See *e.g.* Haynes, 936 F.3d 683 (7th Cir. 2019). It has not done so. The petitioner is not entitled to the relief he requests.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists courts not debate that the claim the

5

petitioner raises in his §2255 motion is without merit under Seventh Circuit precedent.

## IV. Conclusion

The court **ORDERS** that the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **ORDERS** that the petitioner's supplemental motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 2.

The court **DECLINES TO ISSUES** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED with prejudice.**

Dated in Milwaukee, Wisconsin this 15th day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**